UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CHRISTINE WILEY STREETER | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

9:23cu81
Truncale / Hawthorn

### PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff Christine Wiley Streeter ("Streeter" or "Plaintiff"), file this Complaint against

Defendant Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID

or "Defendant"), and for my causes of action respectfully shows the Court as follows:

I.
PARTIES

1.      Plaintiff is a Texas resident.

2.      Defendant is a department of the Texas government doing business in

Texas.

3.      Defendants may be served with the process by serving the Texas

Department of Criminal Justice, Office of General Counsel, 209 West 14th Street, Suite 500,

Austin, Texas 78707.

4.      Whenever in this Petition it is alleged that Defendant committed any act or

omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or

employees committed such act or omission and that at the time such act or omission was

committed, it was done with the full authorization, ratification, or approval of Defendant or was

done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## II.
## JURISDICTION AND VENUE

5.        Jurisdiction is appropriate and proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1331 because this matter is a civil action that arises under the laws of the United States. Jurisdiction is also proper pursuant to 42 U.S.C. § 126 because Plaintiff seeks to recover damages or to secure equitable relief under the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act ("ADEA"), as amended, and the Americans with Disabilities Act, as amended, which are all acts of Congress which provide for the protection of civil rights.

6.        Venue is appropriate and proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant does business in Lovelady, Houston County, Texas, and because the causes of action alleged herein occurred in Lovelady, Houston County, Texas.

## III.
## CONDITIONS PRECEDENT TO SUIT

7.        All conditions precedent to filing this cause of action have been met.

8.        On January 30, 2023, a Notice of Right to File a Civil Action ("Right to Sue") was issued entitling Streeter to file an action in this Court for her claims.

9.        This action was filed within ninety (90) days of Streeter's receipt of the Notice of the Right to Sue.

## IV.
## SUMMARY OF CLAIMS

10.        Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. § 126, and Plaintiff seeks to recover damages or to secure equitable relief under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), which is an act of Congress which provide for the protection of civil rights. Defendants have also engaged in unlawful employment practices (including unlawful retaliation) in violation of under 42 U.S.C. § 1981 ("1866 Civil Rights Act") and 42 U.S.C. § 2000 et seq. ("The 1964 Civil Rights Act"), and Plaintiff seeks to recover damages or to secure equitable relief under both 42 U.S.C. § 1981 and 42 U.S.C. § 2000 et seq. Defendant has also engaged in unlawful employment practices in violation of 29 U.S.C. § 621 et seq. ("Age Discrimination in Employment Act" or "ADEA"), and Plaintiff seeks to recover damages or to secure equitable relief under the ADEA.

11.        These practices include, but are not limited to, the matters listed in this Complaint.

12.        No action was taken to correct the prevalent problems.

3

V.
## FACTUAL BACKGROUND

13.    Plaintiff started her employment with the Texas Department of Criminal Justice, Correctional Institute Division ("TDCJ-CID" or "the Agency") on March 07, 2013, and was assigned to the Eastham Unit, 3rd Shift Building in Lovelady, Houston County, Texas.

14.    On or about January 15, 2022, Ms. Streeter inhaled Pine Oil, which is an industrial cleaner that triggers her respiratory issues which required Emergency Assistance. The respiratory issue that she has is known as Vocal Cord Dysfunction ("VCD"). When she inhales the Pine Oil fumes, it causes her vocal cord(s) to malfunction. This sudden, involuntary, central nervous system response impedes her breathing which makes her feel like she is choking. To Plaintiff's knowledge, Pine Oil is the only known product that triggers a VCD response in her.

15.    Defendants have been aware of Plaintiff's disability and her negative response to Pine Oil due to VCD since on or about November 7, 2014.  On that date, she suffered an episode due to her over exposure to Pine Oil. Since that date, Defendants have known that Plaintiff must be kept away from the chemical Pine Oil 60% to avoid triggering her VCD.

16.    Despite being aware of Streeter's disability, Defendant made no effort to accommodate her disability. Not only did Defendant refuse to make any effort to accommodate her disability, but it actively discriminated against her on the basis of her disability. Specifically, her supervisors and co-workers would spray the Pine Oil 60% into the air as a tool to trigger Plaintiff to have a VCD attack.

17.    The Agency repeatedly harassed Streeter on the basis of her disability. For example, on or about March 24, 2021, a White Correctional Officer (Sloan) laughed to other co-workers about how the Pine Oil triggered Streeter's VCD Episodes. Moreover, he called

4

Plaintiff to ridicule her by phone. Not content with ridiculing Plaintiff's disability, Sloan would describe Ms. Streeter as a "nigger" to another White male co-workers.

18.      On or about March 9, 2022, Plaintiff asked the Agency if she could: a) wear a canister mark or b) be assigned to work outside in order to avoid exposure to the Pine Oil that had recently been used in Streeter's work area. Streeter's request was DENIED without explanation.

19.      When the Agency chose to make the required reasonable accommodations from on or about November 7, 2014 through on or about July 7, 2022, Streeter was able to perform her job duties with absolute excellence.

20.      In contrast to the way Plaintiff's disability was handled, when Whites had disabilities, they were routinely accommodated. Conversely, the Agency did not accommodate Plaintiff's disability on a consistent basis. For example, back in 2013. Streeter was denied the use of an orthopedic shoe to help heal a broken left foot. Conversely, a White male co-worker was allowed to wear an orthopedic knee high Boot for weeks in early 2014 until he fully healed. This White male was governed by the same Uniform Policy as Plaintiff.

21.      Another example of the race/color discrimination and harassment suffered by Plaintiff occurred when she was "written up" for bringing a small antique nail clipper that happened to have a bottle opener and nail cleaner attachment to work to keep her fingernails in compliance with regulations. Conversely, a white co-worker came in to work with a quart-sized plastic bag with about 3" of assorted pills in many shapes, colors, and sizes. Unlike Plaintiff, this white co-worker was not written up. The Agency took possession of the contraband, but did not request a chain of custody statement from Plaintiff.

5

22.       Yet another example of Defendant's race/color discrimination/harassment of Plaintiff occurred when she came to work with a 0.44 CBM transparent plastic personal items bag that supposedly violated Agency policy. In contrast, her White male and female co-workers regularly brought in Big Blue Walmart shopping bags and white canvas shoulder-slung bags that were: a) not transparent and b) about 1CBM in size. Nothing was said or done to the Caucasians for this alleged violation of Agency policy.

23.       Yet another example of Defendant's race/color discrimination/harassment of Plaintiff occurred when a White supervisor refused to fill out Plaintiff's Workers Compensation paperwork. This White supervisor also laughed at Streeter and mimicked her voice without completing the necessary paperwork.

24.       One of the more egregious examples of Defendant's race/color discrimination/harassment of Plaintiff occurred when a White supervisor told Plaintiff that her hair was "disgusting." Ms. Streeter's hair was neatly trimmed and kept in a short, natural afro style that is common among African-Americans.

25.       Another egregious example of Defendant's race/color discrimination/harassment of Plaintiff occurred when a White Supervisor told Plaintiff that he could not "talk business" with Ms. Streeter like he did with White co-workers because Plaintiff "was not his peer."

26.       Yet another example of Defendant's race/color discrimination/harassment of Plaintiff was when the Agency destroyed Streeter's Employee Performance Evaluations. Conversely, Plaintiff's White peers were getting their performance evaluations. The last

employee evaluation that Plaintiff received was for the 2016-2017 period that was given to her in 2018 by a Black supervisor.

27.      Ms. Streeter reported a number of these discriminatory incidents (both the racially discriminatory incidents and the disability discrimination incidents) to Defendant. Unfortunately, Defendant never addressed or attempted to resolve Plaintiff's many emailed complaints about the discriminatory behavior she was being subject to from June 2013 through to July 31, 2022.

28.      On July 31, 2022, Ms. Streeter was constructively discharged from her employment. This was due to the racial and disability discrimination she had been subject to for many years that created an extremely hostile and toxic work environment that I could no longer tolerate due to the increased exposure to the Pine Oil that triggered by VCD Episodes unabated. I was not heard. I had no Value thus no Voice despite my many years in Senior Management. I had the misfortune to be told by the Agency, "We don't listen to y"all", Correctional Offgicer Staff that it is not "Rank".

## VI.
## CAUSES OF ACTION

### A.  Section 42 U.S.C. § 126 Violations- Disability Discrimination

29.      Plaintiff hereby incorporates all the facts contained in §V of this Plaintiff's Complaint as if set forth fully herein.

30.      Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. § 126 (the Americans with Disabilities Act (ADA)), as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA). These acts include Defendant

discriminating against Streeter on the basis of her disability, refusing to make a reasonable accommodation for her disabilities, and retaliating against her because she asked for a reasonable accommodation for her disabilities.

31.    The effect of the practices complained of above had been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

B.  **Section 42 U.S.C. § 1981 Violations – Race / Color Discrimination**

32.    Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

33.    Plaintiff's race and color is Black / African-American, a protected group that the Civil Rights Act of 1991, 42 U.S.C. § 1981 intended to protect.

34.    Plaintiff is a member of an ethnic group which is, and is commonly perceived as being, ethnically and physiognomically distinct.

35.    Defendant subjected Plaintiff to discrimination and harassment because of her race and color.

36.    Defendant's conduct towards Plaintiff constitutes race / color discrimination.

37    Defendant's discriminatory actions against Plaintiff violates the Civil Rights Act of 1991, 42 U.S.C. § 1981.

38    By the above-described acts, Defendant discriminated against Plaintiff because of her race / color by discriminating against her with respect to terms, conditions and privileges of her employment through denial of her employment rights, benefits, promotions and achievement, all in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981.

8

39      Defendant has a pattern and practice of discriminating against Black / African-American citizens by subjecting them to different terms and conditions of employment than non-Black / African American employees.

40.     By the above-described acts, Defendant discriminated against Plaintiff because of her race / color by tolerating and failing to take affirmative action to correct these unlawful employment practices, by discriminating against her with respect to the terms, conditions and privileges of her employment because of her race / color, and through denial of her employment rights and benefits, promotions and achievements. Defendant also retaliated against Plaintiff for opposing Defendant's discrimination against her on the basis of her race/color.

41.     Defendants acted with malice or, in the alternative, with reckless indifference to the protected rights of the Plaintiff.

42.     As a result of Defendant's discriminatory actions, Plaintiff has suffered lost wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

43.     Defendant's actions towards Plaintiff violate 42 U.S.C. § 1981, for which Plaintiff request compensatory damages.

C.  <u>**Section 29 U.S.C. § 621 et. seq. violations – Age Discrimination (ADEA)**</u>

44.     Plaintiffs incorporate by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

45.     Defendant has engaged in unlawful employment practices in violation of the

9

ADEA, as amended. These practices include but are not limited to Defendant's harassment of

and discharge of Plaintiff because of her age.

46.    The effect of the practices complained of above has been to deprive Plaintiff of

equal employment opportunities and otherwise adversely affect her status as an employee

because of her age. Defendants also retaliated against Plaintiff because she complained about

Defendants discriminating against her on the basis of her age.

D.    **Statutory Damages Under the ADEA**

47.    Plaintiff has been forced to incur reasonable attorney's fees and court costs and

seeks to recover for these costs pursuant to 29 U.S.C. § 626 (b).

48.    Additionally, Plaintiff states that Defendant willfully violated the ADEA.

Consequently, Plaintiff seeks to recover liquidated damages from Defendant.

E.    **Section 42 U.S.C. § 2000 et seq. violations Race / Color Discrimination**

49.    Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as fully set forth herein.

50.    Plaintiff's race/color is Black.

51.    By the above-described acts, Defendant discriminated against Plaintiff because

of her race by discriminating against her with respect to terms, conditions and privileges of her

employment through denial of her employment rights and benefits, all in violation of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq*. Defendant also retaliated

against Plaintiff because she complained of the race/color discrimination that she was being

subjected to by Defendants.

52.    Defendants acted with malice or, in the alternative, with reckless indifference to

10

the federally protected rights of Plaintiffs.

53.     As a result of Defendant's discriminatory actions, Plaintiff has suffered loss of

wages and benefits, both in the past and in the future, as well as emotional pain, mental anguish,

emotional and mental impairment and disability, suffering, inconvenience, loss of enjoyment of

life in the past, and in all probability will continue to suffer in the future.

54.     Defendant did not make a good faith effort to comply with statutes against

discrimination.

55.     Defendant knowingly, willfully, or with reckless disregard, carried out its illegal

pattern or practice regarding discrimination towards Plaintiff.

56.     Plaintiff was subjected to different terms and conditions of employment because

of her race.

57.     Plaintiff was not afforded the same terms and conditions of his employment as

similarly-situated employees outside who are not Caucasian.

F.      **Damages for the ADA, ADEA, Title VII and 42 U.S.C. § 1981 Violations**

58.     Each and every allegation contained in the foregoing paragraphs is realleged as if

fully rewritten herein.

59.     As a result of Defendant's violations of the ADA, ADEA, Title VII, and 42

U.S.C. § 1981, Plaintiffs seek the following relief: (1) to be restored to the position that she was

unlawfully (constructively) discharged from (2) back pay; (3) promotion, or if promotion is

deemed not feasible, front pay; (4) loss of wages and benefits in the past and the future; (5) costs

of court, expert fees, and attorneys' fees; (6) mental anguish and emotional distress in the past

11

and future (7) any punitive, equitable or liquidated damage provided by law, and (8) prejudgment and postjudgment interest as allowed by all relevant statutes.

60.    Also, since Defendant's actions were committed with reckless indifference to Plaintiff's statutorily protected rights, Plaintiff is entitled to recover punitive damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

61.    Additionally, since Defendant's actions were committed willfully, Plaintiff seeks any additional damages allowed under the relevant statutes.

## G.    <u>Hostile Work Environment</u>

62.    Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

63.    Defendant allowed, failed to take any action, failed to take remedial action, failed to discipline its employees, and/or failed to take any corrective action, thereby allowing and facilitating the continuance of the discrimination and harassment towards Plaintiff.

64.    These conditions lead to a hostile work environment because of the following conditions:

      a.    Severe and/or pervasive;

      b.    Outrageous conduct;

      c.    Demeaning conduct;

      d.    Failure to take prompt remedial action;

      e.    Affected terms and conditions of Plaintiffs' employment;

      f.    Did not provide sufficient recourse.

65.    Further, Defendants acted with malice or, in the alternative, with reckless

indifference to the federally protected rights of the Plaintiff.

66.    As a result of Defendant's actions or inaction in violation of 42 U.S.C. § 1981,

Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as

emotional pain, mental anguish, suffering, inconvenience, and loss of enjoyment of life in the

past, all of which were caused by Defendants' treatment of Plaintiff and, in all probability,

Plaintiffs will continue to suffer such damages in the future.

## VII. ATTORNEYS' FEES

67.    Plaintiffs incorporate by reference all of the foregoing allegations in each of the

paragraphs above as fully set forth herein.

68.    As a result of the acts and omissions of Defendants, as specifically set forth

herein, it is necessary for Plaintiff to secure counsel to present and prosecute this matter on

her behalf.

69.    Plaintiff is entitled to recover attorneys' fees and costs for bringing this action

pursuant to 29 U.S.C. § 201, *et seq.*, and all other relevant statutes.

## VIII.
## JURY DEMAND

70.    Plaintiffs request a trial by jury on all issues triable by a jury.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to

appear herein, and that after trial by jury, a judgment be entered granting Plaintiff the following:

A.    reinstatement by Defendant placing Plaintiff in the position she would have occupied
but for Defendant's discriminatory treatment and making her whole for all earnings
she would have received had it not been for Defendant's discriminatory and tortious
treatment including, but not limited to, wages, bonuses, pension and other lost

13

benefits;

B.  actual damages;

C.  punitive damages;

D.  pre-judgment and post-judgment interest at the maximum rate permitted by law;

E.  reasonable and necessary attorney's fees in an amount to be shown to the satisfaction of the court;

F.  cost of court; and

G.  such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled under all attending facts and circumstances.

Respectfully submitted,

Christine Wiley Streeter
781 East Houston Street
Lovelady, Texas 75851
Ph: (936) 438-3845
kriss19.kk@gmail.com

**CHRISTINE WILEY STREETER**
**PRO SE PLAINTIFF**