IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| CHRISTINE WILEY STREETER,<br><br>    Plaintiff,<br>v.<br><br>TEXAS DEPARTMENT OF CRIMINAL JUSTICE-CORRECTIONAL INSTITUTIONS DIVISION,<br><br>    Defendant. | No. 9:23-CV-00081-MJT-ZJH |

## REPORT AND RECOMMENDATION DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court are two *Motions to Dismiss for Insufficient Service of Process* filed by the Defendant Texas Department of Criminal Justice. Doc. Nos. 8, 14. Because the Plaintiff served TDCJ by the extended deadline for proper service, both motions should be denied as moot.

On May 2, 2023, the undersigned issued an order and advisory for Plaintiff Christine Streeter—who was then proceeding *pro se*—to serve TDCJ within 90 days of the date of the order (July 31, 2023). Doc. No. 2. On June 22, 2023, Streeter retained Terrance Robinson as counsel. Doc. No. 5. Five days later, Robinson asked the Clerk to reissue the summons to properly note that he was counsel of record. Doc. No. 6. Three weeks before the service deadline of July 31, Robinson filed a proof of service. Doc. No. 7.

However, on August 18, 2023, TDCJ filed a *Motion to Dismiss for Insufficient Service of Process* because "Hailey," the party indicated on the return, was not a proper party for purposes of sufficient service. Doc. No. 8. TDCJ indicated that Bobby Lumpkin, the TDCJ-CID Director, was authorized to accept service. Doc. No. 8, at 3; Doc. No. 14, at 3. A week later, Robinson

requested another summons, this time changing the name of the Defendant, and also filed a response to the *Motion to Dismiss* along with a request for an extension for service. Doc. No. 10. On October 2, 2023, Robinson had the summons reissued again in order to change the address of the Defendant. Doc. No. 12. That proof of service for the new summons indicated Bobby Lumpkin was served on October 13, 2023. Doc. No. 13.

On October 18, 2023, TDCJ filed another *Motion to Dismiss for Insufficient Service of Process*, claiming that contrary to what it represented, Lumpkin was in fact *not* a proper party for service of process. Doc. No. 14. Instead, Bryan Collier, the Executive Director of TDCJ, was authorized to accept service. Predictably, the next day, Robinson had another summons reissued, the fifth so far in this case. Doc. No. 15. On December 6, 2023, Streeter asked the court to extend the time for service. Doc. No. 18. The undersigned granted the motion and extended the time for service until January 2, 2024. *See* Text Only Order, December 12, 2023. On December 17, 2023, Streeter filed a proof of service indicating that Bryan Collier, the Executive Director of TDCJ, was served on December 15, 2023. Doc. No. 19.

In pertinent part, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court still has the authority to extend the time for service even if good cause is not shown. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Ladner v. Hancock Cnty. Sch. Dist.*, No. 1:23CV155-LG-RPM, 2023 WL 8553540, at *4 (S.D. Miss. Dec. 11, 2023).

Although not stated in the undersigned's Text Only Order, good cause to extend the deadline until January 2, 2024, existed. Streeter was initially *pro se* when the original summons

was issued. Before the court's initial deadline to serve process, she retained Robinson who quickly had a summons reissued to reflect she was represented by counsel. Robinson then thought he correctly served TDCJ by the initial ninety-day deadline. After discovering his error, he then served the individual TDCJ mistakenly suggested *could* accept process. Finally, Robinson served the TDCJ Executive Director well in advance of the January 2 deadline. At no point has Robinson failed to act with due diligence.

Because Streeter properly served TDCJ prior to the extended deadline for service of process, the *Motions to Dismiss for Insufficient Service of Process* (Doc. Nos. 8, 14) should be **DENIED AS MOOT**. *See LBS Innovations LLC v. BP Am..*, No. 2:11-CV-407-JRG, 2013 WL 12158525, at *2 (E.D. Tex. Feb. 21, 2013) (denying 12(b)(5) Motion to Dismiss because service was completed prior to the extended deadline).

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds

of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge